UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CAROL V. TRIMINIO,

      Plaintiff,

v.

TD RETAIL CARD SERVICES
and TRANS UNION, LLC,

      Defendants.
      _____/

Case No.:

## COMPLAINT
## JURY DEMAND

Plaintiff, Carol V. Triminio ("Plaintiff"), alleges violations of the Fair Credit Reporting Act 15 U.S.C. § 1681 *et seq*. ("FCRA") against Defendant, TD Retail Card Services ("TD Retail") and Defendant, Trans Union, LLC ("Trans Union"). Plaintiff further alleges violations of the Florida Consumer Collection Practices Act § 559.55 *et seq*. ("FCCPA") against Defendant, TD Retail.

**PARTIES**

1. Plaintiff is a natural person and resident of Miami-Dade County, Florida.

2. TD Retail is a foreign corporation with its principal place of business located at 1000 MacArthur Blvd., Mahwah, NJ 07430.

3. Trans Union is a foreign limited liability company with its principal place of business located at 555 West Adams Street, Chicago, IL 60661.

**JURISDICTION AND VENUE**

4. The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this action arises out of a federal statute. The Court has supplemental jurisdiction over the state

claim under 28 U.S.C. § 1367.

5. The Court has personal jurisdiction because Defendants' conduct business throughout the United States, including Florida. Further, their voluntary contact with Plaintiff to charge and collect debts in Florida made it foreseeable that Defendants would be haled into a Florida court. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985).

6. Venue is proper because the alleged acts and transactions complained of occurred here and the Defendants transact and/or conduct business here.

## LEGAL BACKGROUND

### I. FAIR CREDIT REPORTING ACT

7. "Congress enacted the FCRA in 1970 to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52, 127 S. Ct. 2201, 2205 (2007) (citations omitted).

8. Congress found that "[i]naccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system." 15 U.S.C. § 1681(a)(1)

9. Congress also found that "[c]onsumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers" and that "[t]here is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." 15 U.S.C. §§ 1681(a)(3), (4).

10. To further the FCRA's purpose, Congress requires "consumer reporting agencies [to] adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to

the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information." 15 U.S.C. § 1681(b).

11. "The aim of the Fair Credit Reporting Act is to see that the credit reporting system serves the consumer as well as the industry. The consumer has a right to information which is accurate; he has a right to correct inaccurate or misleading information; he has a right to know when inaccurate information is entered into his file; he has a right to see that the information is kept confidential and is used for the purpose for which it is collected; and he has a right to be free from unwarranted invasions of his personal privacy. The Fair Credit Reporting Act seeks to secure these rights." *Hearings on S. 823 Before the Subcomm. on Financial Institutions of the S. Comm. on Banking and Currency*, 91st Cong. 2 (1969).

12. The FCRA requires credit reporting agencies to "follow reasonable procedures to assure maximum possible accuracy of consumer reports." 15 U.S.C. § 1681e(b).

13. If a consumer disputes information contained in his or her credit report, the FCRA requires a credit reporting agency to "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller." 15 U.S.C. § 1681i(a)(1)(A).

14. In performing the reinvestigation, the FCRA requires a credit reporting agency to "review and consider all relevant information submitted by the consumer in the period described in paragraph (1)(A) with respect to such disputed information." 15 U.S.C. § 1681i(a)(4).

15. If the disputed information is inaccurate or incomplete or cannot be verified, the

3

consumer reporting agency "shall (i) promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate, based on the results of the reinvestigation; and (ii) promptly notify the furnisher of that information that the information has been modified or deleted from the file of the consumer." 15 U.S.C. §§ 1681(a)(5)(A)(i), (ii).

16. The FCRA provides a private right of action against any person that violates its provisions. 15 U.S.C. §§ 1681o, 1691n.

17. If the violation is negligent, the FCRA allows the consumer to recover actual damages; however, if the violation is willful, the consumer may recover any actual damages or statutory damages of not less than $100.00 and not more than $1,000. 15 U.S.C. § 1681n(a).

## II. FLORIDA CONSUMER COLLECTION PRACTICES ACT

18. The FCCPA provides that "[n]othing in this part shall be construed to limit or restrict the continued applicability of the federal Fair Debt Collection Practices Act 16 U.S.C. § 1692 *et seq.* to consumer collection practices in this state. This part is in addition to the requirements and regulations of the federal act. In the event of any inconsistency between any provision of this part and any provision of the federal act, the provision which is more protective of the consumer or debtor shall prevail." Fla. Stat. § 559.552.

19. The FCCPA prohibits debt collectors from engaging in certain abusive practices in the collection of consumer debts. *See generally* Fla. Stat. § 559.72.

20. The FCCPA's goal is to "provide the consumer with the most protection possible." *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1192 (11th Cir. 2010) (*citing* Fla. Stat. § 559.552).

21. Specifically, the FCCPA states that no person shall "claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence

of some other legal right when such person knows that the right does not exist." Fla. Stat. § 559.72(9).

22. The FCCPA creates a private right of action under Fla. Stat. § 559.77.

23. The FCCPA defines "consumer" as "any natural person obligated or allegedly obligated to pay any debt." Fla. Stat. § 559.55(8).

24. The FCCPA mandates that "no person" shall engage in certain practices in collecting consumer debt. Fla. Stat. § 559.72.

25. This language includes all allegedly unlawful attempts at collecting consumer claims. *Williams v. Streeps Music Co.*, 333 So. 2d 65, 67 (Fla. Dist. Ct. App. 1976).

26. The FCCPA defines "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." Fla. Stat. § 559.55(6).

**FACTUAL BACKGROUND**

27. Sometime in early 2016, Plaintiff had her identity stolen.

28. On or about March 12, 2016, Plaintiff received a letter from TD Retail demanding payment of $5,679.98.

29. Subsequent to the March 2016 letter, Plaintiff contacted TD Retail and explained that there was no past due balance because her identity was stolen.

30. TD Retail ignored the Plaintiff's advisement and continued attempting to collect the alleged debt from Plaintiff by sending repeated letters and negatively reporting on the Plaintiff's credit report.

31. In May of 2016, Plaintiff discovered that TD Retail reported a negative account

on her credit report. Trans Union reported that the Plaintiff's payments for the subject account were delinquent.

32. Both representations are completely false and Trans Union continues to report the negative account on the Plaintiff's credit report.

33. On or about May 12, 2016, Plaintiff sent a written dispute to Trans Union and explained that the negative account was being improperly reported.

34. In its response, Trans Union advised Plaintiff that it had forwarded the Plaintiff's written dispute to TD Retail.

35. Trans Union then erroneously verified the negative account, despite knowing that Plaintiff did not owe the alleged debt.

36. On or about June 13, 2016, Plaintiff sent a written dispute to TD Retail and explained that the negative account was being improperly reported.

37. In its response, TD Retail advised Plaintiff that it reserves all of its remedies under the terms of the Cardholder agreement and otherwise at law. Further, TD Retail demanded payment of $5,910.28.

38. Plaintiff is now "locked out" of the credit market because of the erroneous information and she cannot obtain credit on the most favorable terms as a result.

39. Plaintiff requested verification and deletion of the negative account; however, Trans Union never evaluated or considered the Plaintiff's information, claims or evidence, and did not make any attempt to substantiate or verify TD Retail's representations.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1681e(b) BY TRANS UNION

40. Plaintiff is a "consumer" as defined by 15 U.S.C. § 16819a(c).

41. Trans Union is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f) because it is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports to third parties and disburses consumer reports under contract for monetary compensation.

42. Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it publishes and maintains concerning the Plaintiff.

43. Because of Trans Union's violation, Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, the statutory right to accurate credit information, mental and emotional pain, humiliation, and embarrassment of credit denials.

## COUNT II
## VIOLATION OF 15 U.S.C. § 16819a(c) BY TRANS UNION

44. Plaintiff is a "consumer" as defined by 15 U.S.C. § 16819a(c).

45. Trans Union is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f) because it is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports to third parties and disburses consumer reports under contract for monetary compensation.

46. Plaintiff sent, and Trans Union received, a written dispute of the negative credit entry on Plaintiff's credit report.

47. After receiving the dispute, Trans Union violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Plaintiff's credit file; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to furnishers; by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from a source it has reason to know is

unreliable.

48. Because of Trans Union's violation, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, the statutory right to accurate credit information, mental and emotional pain, humiliation, and embarrassment of credit denials.

**COUNT III**
**VIOLATION OF 15 U.S.C. § 16819a(c) BY TD RETAIL**

49. Plaintiff is a "consumer" as defined by 15 U.S.C. § 16819a(c).

50. TD Retail is a "furnisher" under the FCRA because it provides information concerning consumers to credit reporting agencies.

51. TD Retail violated 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate the Plaintiff's dispute of the negative account; by failing to review all relevant information regarding the negative account and by failing to accurately respond to the dispute forwarded by Trans Union concerning the negative account.

52. Because of TD Retail's violation, the Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; the statutory right to accurate credit information, mental and emotional pain, humiliation, and embarrassment of credit denials.

**COUNT III**
**VIOLATION OF FLA. STAT. § 559.55 BY TD RETAIL**

53. Plaintiff is a "consumer" as defined by Florida Statute § 559.55(8) because she is a natural person allegedly obligated to pay a debt for the purchase of a home.

54. TD Retail is a "person" as defined under the FCCPA because it attempted to collect a consumer debt from Plaintiff.

55.     TD Retail attempted to collect a "consumer debt" from Plaintiff as defined by Florida Statute § 559.55(6) because Plaintiff was allegedly obligated to pay a debt for the purchase of a home for personal, family, or household purposes.

56.     TD Retail knew it was not entitled to collect the alleged debt because Plaintiff disputed the alleged debt with TD Retail.

57.     Nonetheless, TD Retail attempted to enforce, claimed, and asserted a known non-existent legal right to a debt as defined by Florida Statute § 559.55(6) when it communicated directly with Plaintiff demanding payment for a debt to which it was not entitled to collect. Fla. Stat. § 559.72(9).

58.     Because of TD Retail's FCCPA violation, Plaintiff suffered substantial damage, including but not limited to the misrepresentation of an amount to a third party, an inaccurate credit report, emotional and physical distress, prevention of her statutory right to accurate information concerning the alleged debt, and financial damage in having to dispute the accuracy of the alleged debt.

59.     Because of the above violation of the FCCPA, TD Retail is liable to Plaintiff for actual damages, and statutory damages of $1,000.00 per named Defendant found liable, together with attorney's fees and all costs of Plaintiff's representation. Fla. Stat. § 559.77(2) *et seq*.

WHEREFORE, based on the above, Plaintiff respectfully requests this Court to enter judgment against all Defendants for all of the following:

    a.  Actual damages;

    b.  Statutory damages pursuant to Fla. Stat. § 559.77(2);

    c.  Statutory damages pursuant to 15 U.S.C. § 1681n or § 1681o;

    d.  Reasonable attorneys' fees and costs under the FCRA and FCCPA; and

    e.  Such other and further relief as the Court may deem to be just and proper.

## JURY TRIAL REQUEST

Plaintiff respectfully requests trial by jury.

Respectfully Submitted,

By: /s/ *Christopher W. Legg*
Christopher W. Legg, Esq.
Fla. Bar No.: 44460

Matthew Buchwald, Esq.
Fla. Bar No.: 23112

BUCHWALD LEGG, PLLC
3837 Hollywood Blvd., Ste. B
Hollywood, FL 33021
Office: 954-962-2333
Chris@theconsumerlawyers.com

*Attorneys for Plaintiff*